19-1415

In The United States District Court
For The Central District of Illinois

Fredrick Draham,
    Plaintiff
    v.
C. Mercado, et al.,
Corizon Medical Services,
Sara M. Revell, Boyd,
T. Ross, Cpt. Kirby,
Lt. Williams
    Defendants.

Case:
"Emergency Preliminary Injunction"

## Memorandum of Law

Fredrick Draham, a federal prisoner proceeding pro se, filed an Emergency Preliminary Injunction / Protective Order and now accompanies this memorandum to support his; "Imminent Danger of Serious Physical Injury / Conspiracy to Wrongful Death", behind "Evil Intent", to cause irreparable harm warranting an "Emergency situation" and he do not have time to exhaust grievance system; and request the Court to Order the defendants to stop doing harmful and unconstitutional things to him, were he is facing serious injury or even death from the ongoing (discontinuation) illegally, of his (Ensure Plus / Original) Cartons at (3) times (Daily), he was prescribed (6) Ensure (Nutritional Supplements) by a J. Raels / and Clinical Director on (11-27-19 / 12-1-19) employed at (OKC Transfer Center), and received them as a (Medical Liquid / Special Diet) prior to being transferred from (USP Lewisburg) on (11-25-19) by a Dr. Edinger @ (12) Ensures at each meal; and upon arrival to (A.U.S.P.) Thomson, Dr. Boyd / T. Ross illegally (Stopped) the prescription (without reason) on (12-3-19), which he has been consuming for (7) months (Daily)..

i

Fredrick Graham was provided with the (Ensure Plus) at (350) Calories by a Dr. Edinger since late May - November 25, 2019 and Dr. Edinger increased the dosage to (12) Ensures (Daily) a week before (Graham) was transferred on (11-25-19), the prescription was for him to consume (4) Ensure Plus (Cartons) at every meal @ 350 Calories / 14g Protein per carton due to (Graham's) ongoing lasting Organ Failure / Malnourishment or Malnutrition also he prescribed (Centrum) Multi-Vitamins (Chewable) / Thiamine tablets (Daily) to be consumed; and without these (Liquid/Special Diet) Graham (it is documented) would lose excessive weight rapidly (i.e., 15% of his body weight within 24-48 hours); and he has not increased in his weight in (6) months (i.e., he has not reached over (170 lbs) ever in over (6) months while on Ensure Plus / or Ensure Original); the restriction / or reduction by (T. Ross) caused him to decrease weight down to (141 lbs) / or 139 lbs w/ Black Box when the (Liquid Diet) was illegally stopped on (12-3-19); for no reason causing him to lose over (30) pounds (i.e., 174-144 lbs) in days (causing Plaintiff to deteriorate daily); Plaintiff has not eaten food in (6) months or more and lost (23) pounds in (48) hours when (T. Ross / Dr. Boyd) illegally stopped his prescription for (6) Ensures (3 times) daily upon arrival here at (A.U.S.P.) Thomson, Ill.; causing him to immediately spit up (cherry red / brownish blood, fecal matter), and he is (medically prescribed) Ensure Plus and is being denied by (T. Ross/Boyd) for (21) days now. Dr. Edinger never allowed his weight to decline below (151 lbs) before he underwent a (Daily Force Feeding) until his weight maintained (170 lbs); now the Plaintiff request a "Emergency Order", that he is provided his (Ensure Plus) (6) (3 times) Daily as an alternative to food / or provide (3) Ensures (twice) Daily with (Double Food Trays) until his release date (2022), and until he can consult with an outside Specialist, to maintain his natural weight of (235 lbs), to treat his lasting Organ Failure, he will need the (Liquid / Special Diet) until his release and throughout his lifetime due to irreparable harm caused by Corizon Medical staff' negligence, (illegal stops) of his (Ensure) every time he reaches (170) pounds, and prevent him from gaining more than (170) pounds constantly for (7) months now it has been stopped; and for (20) days he has been without his (Ensure Plus), denied (Force feedings) medical emergency order for ambulance / transport to a hospital to be properly treated or even (Infirmary)

2

Plaintiff has also proceeded (8) days without water and was refused an (I.V.) and (Ensure) and the defendants are allowing him to die (i.e., a human being can only survive for (7) days without water, and (21) days without food); he has shown that he has been "Intentionally Inflicted to Emotional Distress" and psychologically unable to eat the food served to him by prison officials since May 2019, when he was transferred from (USP) Lewisburg, PA, to (OKC) Transfer Center and now he is confined at Thomson, Ill.; Plaintiff alleges he can only eat food that is served in (Liquid/Special Diet) cartons (Ensure Plus) or wrapped (sealed) in containers because he is afraid that guards might have or will poison his food, etc. (he is pending (2) civil claims, in (3d Cir 2019) and (8th Cir 2015) were he is pending trial). He alleges he was assaulted/battery by (C. Mercado) on (12-10-19); in front of his unconstitutional Cell (E-119L) (denied Infirmary/Hospital) and was in front of over (85) inmates in a regular unit on a full (7) month (Food/Water) Hunger Strike, he was ("Judo-thrown, ie. landing on his chin, mouth and suffered a gash (3 by 2 inches) to his chin and refused (stitches) by (T. Ross/V. Darcia), and left to bleed (blood is stained inside of (EA Unit) on the floor and cell #E-123L to this date); and he was left to bleed for (30) hours (Constantly) after being escorted back from a medical assessment by V. Darcia/T. Ross; also he was slammed in a Interview Room before this in front of (V. Darcia by C. Mercado) and was having a mild stroke/chest pains and requested to see Lt. Williams, instead he was battered by C. Mercado, place in (Extremely tight ambulatory) restraints and (Paper Clothing) in (E-123) causing (2 inch scar; bleeding pus) and now he has a permanent swollen black mark on his waistline); cannot feel his left thumb/hand, his knees are swollen (injured), permanent loose teeth (bottom), jawbone is swollen/dislocated or fractured (could not talk properly), was refused an X-Ray or cleaning of the wounds and tortured in cold cell by Cpt. Kirby/and Lt. Williams/Medical staff who yanked (ie. Lt. Williams replaced chain around my waist in a "noose like" fashion while I lain on back extremely tight while C.O. Hammer and other officers pulled up on chain and threatened me while they pressed on stomach/back to seal the chain against skin as tight as possible also the wrist Restraints (causing paralysis) from the (history of Spinal Cord injuries); and smacked him with plastic shield every hour)..

3

The Eight Amendment requires that prison officials ensure inmates receive adequate food; and Plaintiff was (Judo-Thrown face first) after being escorted from a Hunger Strike exam by (C. Mercado) after he complied by stand (i.e. back facing staff so hand restraints can be seen while inside his cell (E-119L), pass threshold (which is protocol)); instead he was yanked backwards (should have been released from grip of staff after passing threshold), also he was being pushed (while in shower shoes) towards his cell (unable to walk fast due to deteriorating health); instead he is being tortured (starved) daily behind the transfer while on the (7) month (Hunger Strike); (see cameras for truthfulness) to force him into eating/or die (no exceptions), or resolutions to resolve or provide (Impressions for Artificial (front) Teeth/Partial Dentures, Back Brace, Tennis Shoes (permit), Nerve-Pain medication, Double Portion meals /and Ensure) which is a simple resolution to end the (7) month First Amendment (utilization of the Establishment Clause); he is denied (heated cell), chair to support his severe impairments (spinal cord), pain medication, his (Ensures), legal trial/sentencing transcripts, the meals are extremely small, denied a chance to receive medically prescribed (Liquid/Special Diet) until he can be released and treated properly my concerns is that (Plaintiff) is left to die; also he was denied (Video Visit) with his civil lawyer on the week of (12-10-19) and he has an upcoming trial set for early (2020) in (8th Cir. St. Louis, MO); on injuries to his brain, eye, back (Spinal Cord) and knees, etc.; he need his tennis shoes and back brace (Daily) and is denied ink pens, writing paper to prepare (motions pro se), his stamps from his personal property and is missing deadlines (appeals) from his indefinite placement and he has literally (days) before he can die inside his cell w/o food/(Ensure); staff are not accepting (paper staff request) there's no institutional mail (every staff denies all request) Executive staff does not make rounds, Unit team (should make rounds (5) days weekly and pick and provide papers, etc.); denied (grooming-hair cuts), telephone by C.O.'s Spradling/Anaya, and now he is (140) pounds and denied (Infirmary) around (i.e. in the middle of (85) inmates being humiliated daily); developing a mental illness preventing him from sleeping, eating assisting attorney, not receiving (Centrum)/or (responses from (Warden) to resolve issues; See cameras for truthfulness; he is even denied showers (showers are cold/3 minutes) he is unable to stand and needs a closer cell/or hospital bed and contact w/ civil lawyer.

4

See Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997) (In medical cases, the 8th Amendment is violated when a defendant is deliberately indifferent to an inmates serious medical needs); [Conduct is deliberately indifferent when the officials have acted in an intentional or criminally reckless manner; i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring eventhough he could have easily done so". Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005); Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct 1970, 128 L. Ed 2d 811 (1994). Multiple failures to provide Ensure for voluntary mandated order diagnosed and medically prescribed by (2) federal prisons, also refusal to give (Drinking Cup). Fredrick Graham has not eaten/consumed (Liquid Diet) or Ensures in over (18) days now or prison food in (7) months. It is impossible to survive that long and it is proven that there is a conspiracy to wrongful death; Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1825, 138 L.Ed. 2d 162 (1997); Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc., 549 F.3d 1079, 1086 (7th Cir. 2008); "proving that immediate and irreparable injury, loss, or damage will result in (wrongful death), warranting him to seek Fed R. Civ. P. 65(b)(1)(A); that to prove he was/is not drinking liquids, that he is weak, and refusals to eat (satelite food trays) unsealed (wrapped) food is associated to the "Evil Intent" of prison officials' tactics to create lasting organ failure, etc.; deterioration (terminal illnesses, he may not last another week/or days without the (Liquid Diet) or exceed (18) months if the said illegal discontinuations continue to stop his diet when he reaches (170) pounds); and prison officials do not need a court order to transfer him to a medical prison /or hospital for the special emergency care; i.e. he has (2) years until release date so he is not a "flight risk/threat"; he has had his (Chronic Care) illegally restricted because of (Hunger Strike) and he is unfit to be confined at a minimum Care Level prison (needs Care Level 4-5) Health Care, he has signs of rapid weight loss (weak), dehydration, lethargic, blood glucose (levels of 36); and he is now labeled (Disabled) after (12) months, he has been injured for (14) years; (Sara M. Revell) has transferred him while on (7) month (Hunger Strike) during complications due to starvation and violates his rights under the Americans with Disabilities Act (ADA) / 14th Amendment, etc..

See Armstrong v. Squadrito, 152 F.3d 564, 569-570 (7th Cir. 1998); Pittman v. County of Madison, 746 F.3d 766, 775 (7th Cir. 2014); see also Collignon v. Milwaukee Cnty., 163 F.3d 982, 990 (7th Cir. 1998). The defendants consciously ignores his serious medical needs and his deterioration over (15) day timeframe without food or (Special Diet), they fail to declare a medical emergency or administrate daily force feedings, or transfer and created their own "torturous" (Hunger Strike Policies), which Plaintiff can easily die if he is not transferred (Immediately). These facts are findings of deliberate indifference against all defendants behind their "Evil Intent" see Siggers-El v. Barlow, 433 F. Supp. 2d 811 (E.D. Mich. 2006); Coleman v. Rahija, 114 F. 3d 778 (8th Cir. 1997), "Plaintiff cites after experiencing rapid weight loss, severe pain, bleeding in connection with his transfer to have his (Ensure) @ (6)(3X)(Daily) illegally stopped and unconstitutional negligently housing in an unsafe federal prison, see Cline v. United States Dept of Justice, 525 F. Supp. 825 (D.S.D. 1981); by "failing to use reasonable care", Jones v. United States, 91 F.3d. 623 (3d Cir. 1996) (had a stroke after officials withheld meds); and forced to spit up blood/feces (Plummer v. United States, 580 F.2d 72 (3d Cir. 1978) (exposure to tuberculosis); their conduct is causation, breach of duties are outrageous and extreme, Schmidt v. Odell, 64 F. Supp. 2d 1014 (D. Kan. 1999). Customary International law prohibits the (restriction/reductions of diets), torture, arbitrary detention, human rights standards; Filartiga v. Pena-Irala 630 F.2d 876 (2d Cir. 1980); the United States has ratified three human rights treaties that address the rights of prisoners: Covention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment; also (UDHR) Universal Declaration of Human Rights, the right to life, liberty, security of person, and it also enshrines the right to adequate standards of living for health and well being, medical care, freedom of opinion, expression, peaceful assembly; and (Braham) also utilizes (OAS) rights of the Organization of American States (Several Circuits (Courts)) under (American Declaration on Rights and Duties of Man). Plaintiff request order to cease defendants from continuing practices he has sued also have pending civil claims against, also before Congress served on Solicitor General.

## Conclusion

Fredrick Graham requires a (Special/Liquid Diet), Robles v. Coughlin, 725 F.2d 12 (2d Cir. 1983); and meals cannot be denied as retaliation, since denying meals can be a deprivation of a life necessity; violating the Eighth Amendment; Foster v. Runnels, 554 F.3d 807 (9th Cir. 2009); the prisoners diet must meet the nutritional standards; (Graham) was prescribed by a Specialist/Clinical Directors upon his transfer to Thomson, Ill., and he was medically diagnosed (see Lab results, etc); after (44) Force Feedings and (7) month (Hunger Strike) without food, only (Ensure Plus) at 350 Calories (3 times) Daily; he request now in order to receive a (Special Liquid Diet) (Ensure Plus until 2022, his release date) and a order to resolve his (7) month (Food/Water strike) with (Double Portion meals/and Ensure (3)(2X) Daily until his release date or maintain health conditions upon release, (Double trays sealed) and (TRO) on any discontinuation of his (Ensure/or Double Portions) due to, i.e. when he reaches (170 lbs) he has his Ensures (illegally stopped) causing lasting organ failure, until release date to meet (235 lbs) usual weight and remain health upon release to society, etc.; the Eighth Amendment states "Prisons must provide a special diet for prisoners whose health requires it; he requires hospital "emergency care/supervision" to assure he receives his daily meals, treatment; behind defendants ongoing interference with treatment that doctors ordered; "one that is diagnosed by a physician as mandating treatment (Special Diet), challenging his medical screening as a "new" prisoner, Hill v. Dekalb, Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir 1994), Jett v. Penner, 439 F.3d 1091 (9th Cir. 2006), Estelle, v. 429 U.S. at 104-05; Lopez v. Smith, 203 F.3d 1122 (9th Cir 2000), McKaven v. Sanders, 577 F.3d 974 (8th Cir 2009)

I declare that the foregoing is true and correct. Executed on December 20, 2019

Fredrick Graham #27970-044
(A.U.S.P.) Thomson (SMU)
Post Office Box 1001
Thomson, Illinois 61285

7

INMATE NAME Fredrick Draham
REGISTER NUMBER 27970-044
ADMINISTRATIVE UNITED STATES PENITENTIARY
P.O. BOX 1001
THOMSON, IL 61285

QUAD CITIES IL 612
27 DEC 2019



INMATE IDENTIFICATION CONFIRMED

Clerk of the Court
309 U.S. Courthouse
100 N.E. Monroe Street
Peoria, Illinois
61602

"Legal Mail"
12/20/19