IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK GRAHAM,** | : | |
| Plaintiff | : | No. 1:19-cv-1571 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **IAN CONNORS, et al.,** | : | |
| Defendants | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On August 29, 2019, Plaintiff Frederick Graham ("Plaintiff"), who is presently confined at the Administrative United States Penitentiary in Thomson, Illinois ("AUSP Thomson"), initiated the above-captioned action by filing a complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), in the United States District Court for the Eastern District of Pennsylvania, while he was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). (Doc. No. 1.) In an Order dated September 4, 2019, that court transferred the action to this Court for further proceedings. (Doc. No. 4.)

On September 11, 2019, Plaintiff filed a motion for permanent injunctive relief (Doc. No. 6) and motion for a temporary injunction (Doc. No. 7). In an administrative Order dated September 12, 2019, the Court directed Plaintiff either to pay the requisite filing fee or file a completed motion for leave to proceed in forma pauperis within thirty (30) days. (Doc. No. 10.) On September 18, 2019, the Court received from Plaintiff a motion requesting permission to use the Court's electronic filing system (Doc. No. 11) and a motion pursuant to Local Rule 26.1(f) (Doc. No. 12). The next day, Plaintiff filed a supplement to his motion for a temporary injunction (Doc. No. 13) and a supplemental motion for injunction (Doc. No. 14).

In an Order dated September 20, 2019, the Court noted that in his supplement, Plaintiff requested an emergency court order on the basis that he is experiencing organ failure due to his hunger strike, which has caused him to miss at least 219 consecutive meals. (Doc. No. 15.) Plaintiff suggested that medical staff at USP Lewisburg were not providing adequate medical care in the form of a proper force-feeding protocol. (Id.) Given Plaintiff's allegations of immediate harm, the Court directed the Government to respond to Plaintiff's motions for injunctive relief by 12:00 p.m. on Monday, September 23, 2019. (Id.) The Government filed its brief in opposition (Doc. No. 17) and exhibits in support thereof (Doc. No. 18) on September 23, 2019.

On September 23, 2019, Plaintiff filed a motion for leave to proceed in forma pauperis (Doc. No. 19), a copy of his prisoner trust fund account statement (Doc. No. 20), and a motion for a temporary injunction (Doc. No. 21). In an administrative Order dated September 23, 2019, the Court directed the Warden of USP Lewisburg to provide to the Court, within fifteen (15) days, a certified copy of Plaintiff's inmate account statement. (Doc. No. 22.) The Court received the certified statement on September 30, 2019. (Doc. No. 23.) In a Memorandum and Order dated October 9, 2019, the Court granted Plaintiff leave to proceed in forma pauperis, dismissed his complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and denied his various motions for relief. (Doc. Nos. 24, 25.) Subsequently, Plaintiff filed an amended complaint (Doc. No. 28), various motions for relief (Doc. Nos. 26, 27, 29), and a supplement to the amended complaint (Doc No. 30), all of which the Court will address in a separate Memorandum and Order.

Presently before the Court is Plaintiff's emergency motion for a temporary restraining order, received by the Court on January 3, 2020. (Doc. No. 31.) In this motion, Plaintiff

maintains that upon his arrival at AUSP Thomson, he was medically provided with Ensure meal replacements six (6) times daily but that medical staff at AUSP Thomson have since discontinued that treatment. (Id. at 1.) Plaintiff asserts that he has lost thirty-five (35) pounds, has not received Ensure for twenty-four (24) days, and requires injunctive relief in the form of force-feedings or the receipt of Ensure and double portions of meals. (Id.) Plaintiff mentions further that staff at AUSP Thomson have used excessive force against him. (Id.)

Upon review of Plaintiff's emergency motion, the Court concludes that Plaintiff is seeking emergency injunctive relief against individuals who are employed at AUSP Thomson and who are not parties to the above-captioned case. Plaintiff also seeks injunctive relief for conduct that bears no relation to the claims raised in his amended complaint. The Court, therefore, cannot grant Plaintiff the relief he seeks. See Martin v. Keitel, 205 F. App'x 925, 929 (3d Cir. 2006); see also Ball v. Famiglio, 396 F. App'x 836, 837 (3d Cir. 2010). If Plaintiff wishes to proceed against individuals at AUSP Thomson for the conduct alleged within his motion, he must do so in the Northern District of Illinois, the district in which AUSP Thomson is located. See 28 U.S.C. § 93(a). In light of the emergent nature of Plaintiff's request and his allegations of immediate harm, however, the Court will direct the Clerk of Court to transfer Plaintiff's motion (Doc. No. 31) to the United States District Court for the Northern District of Illinois for further proceedings.

**AND SO**, on this 9th day of January 2020, upon consideration of the foregoing, **IT IS ORDERED THAT**:

1. The Clerk of Court is directed to **TRANSFER** Plaintiff's emergency motion for a temporary restraining order (Doc. No. 31) to the United States District Court for the Northern District of Illinois for disposition; and

2. Once Plaintiff's motion is transferred, the Clerk of Court is directed to **TERMINATE** the motion (Doc. No. 31) as a pending motion before this Court.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

4