## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Fredrick Graham (27970-044), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20 C 0111 |
| v. | ) | |
| | ) | Hon. John J. Tharp, Jr. |
| C. Mercado, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff's request for injunctive relief relating to medical care at AUSP Thomson (incorrectly docketed as a "Complaint") [1] and the "Emergency Order/TRO" transferred to this Court from the United States District Court for the Middle District of Pennsylvania [5] are denied as moot in light of Plaintiff's transfer to MCFP Springfield. To proceed further with this matter, Plaintiff must file a complaint using the Court's form that sets forth a claim for relief. In addition, Plaintiff must either: (1) pay the full $400 filing fee; or (2) submit an application for leave to proceed *in forma pauperis* that attaches trust fund certifications and supporting trust fund ledgers from each facility where he has been incarcerated from June 20, 2019, to the date of compliance. If he fails to comply with these requirements by February 7, 2020, the Court will summarily dismiss this case. The Clerk is directed to update Plaintiff's address to reflect that he is presently in custody at MCFP Springfield, Missouri. Plaintiff is advised that it is his responsibility to submit a change-of-address notice each time he moves. If Plaintiff fails to update his address every time it changes while this case is pending, this case will be subject to dismissal with no further warning. The Clerk is directed to send Plaintiff a blank application to proceed *in forma pauperis*, a copy of this Court's *pro se* complaint form, and a copy of this order.

### STATEMENT

Plaintiff Frederick Graham, a federal prisoner, brings this *pro se* action concerning events that allegedly occurred at AUSP Thomson. Plaintiff has attempted to initiate this case by filing a proposed order setting a date for a preliminary injunction hearing [1] and a supporting memorandum of law [2]. Plaintiff filed these materials in the United States District Court for the Central District of Illinois and the matter was transferred to this Court because AUSP Thomson is located in the Northern District of Illinois. Plaintiff also filed a substantively similar motion that he titled "Emergency Order/TRO" in a pending lawsuit in the United States District Court for the Middle District of Pennsylvania (*Graham v. Connors*, Case No. 19-cv-1571-YK-EB) involving care provided for a hunger strike when he was incarcerated at USP Lewisburg. That motion was also transferred to this District and has been assigned to this matter as well [5]. Both motions must be denied as moot and this matter cannot presently go forward in this Court for several reasons.

Setting aside for the moment several technical problems with Plaintiff's filings (see below), the gist of Plaintiff's filings is that officials at AUSP Thomson have denied him adequate medical care in connection with an ongoing hunger strike which, it is asserted, has lasted for more than 525 days. More specifically, Plaintiff appears to claim that upon arrival at AUSP Thomson, his special diet was modified by medical staff to eliminate Ensure supplements that Plaintiff had been receiving. Plaintiff asserts that as a result his medical condition has deteriorated significantly and that his life has been imperiled. These claims warrant immediate attention, and the Court would allow this matter to go forward on an emergency footing, but for the fact that Plaintiff has already been transferred from AUSP Thomson to the Bureau of Prisons medical facility in Springfield, Missouri. The Bureau of Prisons inmate locator indicates that Plaintiff is currently in custody at MCFP Springfield, and a member of the Court's staff confirmed that fact by telephone with the Bureau of Prisons. In light of this transfer, there is no basis for the Court to order AUSP Thomson staff to take any action regarding Plaintiff's medical treatment and the handling of his hunger strike. That request is moot and Plaintiff's emergency motions for injunctive relief are therefore denied. *See*, *e.g.*, *Miller v. Downey*, 915 F.3d 460, 464 (7th Cir. 2019).

Plaintiff's transfer to MCFP Springfield does not moot his claim for inadequate medical treatment while at USP Thomson, but if Plaintiff seeks to proceed further in this Court with that claim, he must attend to several issues. First, Plaintiff has failed to file a complaint that states a claim for relief, which is the requirement to initiate a federal case. *See* Fed. R. Civ. P. 3 and 8. Plaintiff has instead submitted a proposed "Order To Show Cause For An Preliminary Injunction And A Temporary Restraining Order (Emergency Injunction)" [sic] [1]. Pursuant to the Court's Local Rules, *pro se* complaints "brought under the Civil Rights Act, 42 U.S.C. § 1983, by persons in custody shall be in writing, signed and certified" and "shall be on forms supplied by the Court." *See* N.D. Ill. L.R. 81.1. Plaintiff's complaint is not on the Court's form. If he wants to proceed with this case, he must submit an amended complaint using the Court's form by February 7, 2020. Failure to fill out each section of the form complaint accurately and completely may result in the dismissal of this case. Any claims that are insufficiently related to his hunger strike claim will also be subject to dismissal. *See Vermillion v. Levenhagen*, 604 Fed. App'x. 508, 512-13 (7th Cir. 2015); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Second, the Prison Litigation Reform Act (PLRA) requires all inmates to pay the required filing fee to initiate a case. *See* 28 U.S.C. § 1915(b)(1). If an inmate cannot pay the full $400 filing fee upfront, he may submit an *in forma pauperis* (IFP) application (in other words, a request for permission to pay the fee over time with monthly installments taken from his trust fund account; in that instance, the filing fee is then $350, as an administrative fee is waived). An inmate seeking leave to proceed IFP must accurately complete the Court's form, which requires disclosure of twelve months of financial information, as well as provide "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § § 1915(a).

Here, Plaintiff has neither sought leave to proceed IFP nor paid the filing fee. If Plaintiff wants to proceed with this lawsuit, he must submit a signed and accurately completed IFP application that is accompanied by certified copies of his trust fund statement from **each facility**

in which he was incarcerated for the past six months (in other words, from approximately June 20, 2019, through the date of compliance). He can obtain trust fund certifications and supporting trust fund ledgers for former facilities by sending written requests. Merely submitting certified trust fund information from his current place of incarceration will be deemed insufficient. Plaintiff is cautioned that any false or inadequate answers in any IFP application will subject this case to dismissal. Alternatively, Plaintiff may pay the full $400 filing fee. If Plaintiff does not comply by the date specified above, this case will be summarily dismissed.

     Finally, as noted above, the Court's staff has determined that Plaintiff was transferred to MCFP Springfield and the Clerk is directed to update Plaintiff's address accordingly. It is Plaintiff's responsibility, however, to submit a change-of-address notice each time he moves. If Plaintiff fails to update his address every time it changes while this case is pending, this case will be subject to dismissal with no further warning.

Date:   January 10, 2020                         /s/    John J. Tharp, Jr.
                                                                              John J. Tharp, Jr.
                                                                              United States District Judge