IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Fredrick Graham (#27970-044), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20 C 0111 |
| v. | ) | |
| | ) | Hon. John J. Tharp, Jr. |
| C. Mercado, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's application for leave to proceed *in forma pauperis* [7] is granted. The trust fund officer at Plaintiff's place of incarceration is authorized to deduct $6.00 from Plaintiff's account as the initial partial payment of the filing fee and to continue making deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at AUSP Thomson. Summonses, however, shall not issue as Plaintiff's complaint [1] is dismissed without prejudice for failure to state a claim. If Plaintiff wants to proceed with this lawsuit, he must submit an amended complaint using the Court's form that addresses the concerns discussed in this order. If he does not comply by March 13, 2020, the Court will summarily dismiss this lawsuit for failure to state a claim. Plaintiff's motion for attorney representation [10] is denied without prejudice. Plaintiff is advised that he must promptly submit a change-of-address notice each and every time he moves as the Clerk is not obligated to track his location. Moving forward, if he fails to comply, this action will be subject to dismissal with no further warning. The Clerk is directed to correct the docket to reflect that [11] is not a motion and send Plaintiff an amended complaint form and instructions.

**STATEMENT**

Plaintiff Frederick Graham, a federal prisoner, brought this *pro se* action concerning numerous events that allegedly occurred at AUSP Thomson, including a claim that medical staff modified his diet upon arrival at this facility by eliminating Ensure supplements that he had been taking due to a longstanding hunger strike. Among other things, the Court directed Plaintiff to address his fee status by paying the fee or moving for leave to proceed *in forma pauperis*, and to submit a complaint using the Court's form. In response, Plaintiff submitted an *in forma pauperis* application and complaint (Dkt. 7, 8), as well as a motion requesting attorney representation that contains a ten-page narrative statement (Dkt. 10) and two additional narrative statements (Dkt. 9, 11).

*Application for Leave to Proceed In Forma Pauperis*

The Bureau of Prisons inmate locator indicates that Plaintiff is again incarcerated at AUSP Thomson. In support of his application for leave to proceed *in forma pauperis*, Plaintiff submitted a certification from a trust fund officer at MCFP Springfield, where he was recently incarcerated,

indicating he received $180 in the past six months and had an available balance of $27.45. Although he did not provide underlying trust fund account information, the Court, in this single instance, will find that he cannot prepay the filing fee and thus grant him leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1)-(2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $6.00 to the Clerk for payment of the initial partial filing fee; and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

*Initial Review of Plaintiff's Complaint*

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss them if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). For purposes of initial review, the Court must accept the well-pleaded facts in the amended complaint as true, *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013), and construes Plaintiff's *pro se* submissions liberally, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

The Court first notes that Plaintiff's litigation history is incomplete as he disclosed a single case, *Graham v. Connors*, Case No. 19-cv-1571-YK-EB (M.D. Pa.) (Kane, J.), involving care provided for a hunger strike when he was incarcerated at USP Lewisburg. However, he has initiated at least seven additional civil rights lawsuits. *See Graham v. Padda*, 19-cv-02784-AGF (E.D. Mo.) (Fleissing, J.) (fee status currently pending); *Graham v. Krueger*, 18-cv-00276-JPH-DLP (S.D. Ind.) (Hanlon, J.) (summary judgment on favor of defendants based on failure to exhaust); *Graham v. Federal Bureau of Prisons*, 17-cv-02086-KMT (D. Colo.) (Tafoya, J.) (summary judgment on favor of defendants based on failure to exhaust); *Graham v. St. Louis Metro. Police*, 15-cv-01324-AGF (E.D. Mo.) (Fleissig, J.) (proceeding with excessive force claim); *Graham v. Missouri Bd. of Probation & Parole*, 11-cv-04128-FJG (W.D. Mo.) (Gaitan, J.) (dismissed for failure to state a claim); *Graham v. Connors*, 19-cv-00276-JRS-DLP (S.D. Ind.) (Sweeney, J.) (dismissed for want of prosecution); *Graham v. Outlaw*, 05-cv-00860-MAC-ESH (E.D. Tx.) (Crone, J.) (dismissed for want of prosecution). Plaintiff is placed on notice that the failure to disclose his complete and full litigation history in any future complaints may lead to sanctions, up to and including dismissal, if his omission is fraudulent. *See Wilson v. Wexford Med. Servs.*, 751 Fed. App'x 956, 957 (7th Cir. 2019); *Donelson v. Tanner*, 768 Fed. App'x 573, 574 (7th Cir. 2019); *Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011). With that said, the Court turns to Plaintiff's allegations.

Although Plaintiff was incarcerated at AUSP Thomson when he initiated this lawsuit (without submitting a complaint) and is currently in custody there, he was incarcerated at MCFP Springfield when he prepared his complaint. The complaint consists of a single sentence divided

2

by semicolons that spans two pages and covers his incarceration at both MCFP Springfield and AUSP Thomson. Plaintiff has also submitted two separate narrative statements, Dkt. 9, 11, and a lengthy additional narrative statement in support of his request for counsel, Dkt. 10. In addition, Plaintiff has listed three defendants in the section of the complaint requiring him to provide the names, titles, and place of employment of the individuals he wants to sue. However, this listing does not match the defendants listed in the caption and four other submissions list various other sets of defendants. *See* Dkt. 1, 2, 9, and 11.

There are at least three significant problems with these submissions. First, as the Court in Plaintiff's Middle District of Pennsylvania hunger strike case recently advised him, his complaint must be a single document, not a piecemeal group of submissions. *Graham v. Connors*, Case No. 19-cv-1571-YK-EB, Dkt. 33 (M.D. Pa.) (Kane, J.). His complaint "should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which he claims violated his rights" and include basic information about the basis of each claim. *Id*. These instructions are equally applicable in this Court. Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." While a minor amount of extraneous information in a complaint is not enough to frustrate Rule 8's goals, unnecessary length coupled with repetitiveness, needless complexity, and immaterial allegations are grounds for dismissal. *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013). Plaintiff's stream-of-consciousness multi-document presentation clearly runs afoul of this basic rule.

Second, Plaintiff has not identified a proper defendant given that the caption and body of the complaint list different individuals and his other submissions contain captions that list additional varying sets of defendants. To the extent that Plaintiff is attempting to proceed against individuals by merely listing their names in a caption, he cannot do so. *See, e.g., Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction given to *pro se* complaints."). Plaintiff's general references to defendants in the body of the complaint are similarly inadequate, as he must set forth facts from which federal liability may be inferred against each defendant. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Thus, to proceed with this action, Plaintiff must (at a minimum) identify a single set of defendants by name in the caption and body of any amended complaint and provide a basic summary of why he believes each defendant violated his rights.

Third, Plaintiff cannot litigate concerns relating to MCFP Springfield, which is located in Missouri, as part of this case concerning AUSP Thomson, which is located in the Northern District of Illinois. *See* 28 U.S.C. § 1391 ("noting that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"). Any further claims that Plaintiff seeks to raise regarding his incarceration at a facility other than AUSP Thomson will be subject to dismissal for improper venue. *See* 28 U.S.C. § 1406(a).

Given these deficiencies, Plaintiff's complaint cannot survive initial review and is, therefore, dismissed without prejudice for failure to state a claim. If Plaintiff wants to proceed with this lawsuit, he must submit an amended complaint using the Court's form that (1) identifies the

individuals who allegedly wronged him and (2) provides a basic description about what they specifically did or did not do. He is reminded that he cannot litigate every perceived wrong that has occurred at AUSP Thomson. Thus, he should focus on a single claim or a set of related claims. Any improperly joined claims will be subject to dismissal. *See Vermillion v. Levenhagen*, 604 Fed. App'x. 508, 512-13 (7th Cir. 2015); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint without reference to the original complaint. Any documents Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached. Plaintiff is advised to keep a copy for his files. Plaintiff must promptly submit a change-of address notification if he is released or transferred to another facility. If he fails to comply, this action will be subject to dismissal with no further warning. The Clerk will furnish Plaintiff with an amended complaint form and instructions along with a copy of this order. If Plaintiff fails to comply with this order by the date stated above, the Court will summarily dismiss this action.

*Motion for Attorney Representation*

"There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). When deciding whether to recruit counsel, the Court must first determine if an "indigent plaintiff made a reasonable attempt to retain counsel or been effectively precluded from doing so." *Pennewell v. Parish*, 923 Fed. 3d. 486, 491 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc)); *Armstrong v. Krupiczowicz*, 874 F.3d 1004, 1008 (7th Cir. 2017) (noting that the initial inquiry when a litigant requests counsel is whether he has made a reasonable effort to obtain counsel on his own).

Plaintiff broadly claims that he "has made repeated efforts to obtain a lawyer," Dkt. 10, pg. 10, but provides no details. This is insufficient, as although he is imprisoned, Plaintiff (like other inmates) can and must make at least some effort to obtain representation on his own. *See Owens v. Duncan*, — Fed. App'x —, No. 18-1416, 2020 WL 110254, at *1 (7th Cir. Jan. 9, 2020) (affirming district court's denial of counsel for a prisoner who said he had contacted four attorneys without providing additional specifics, such as the names, addresses, and any responses received). Thus, Plaintiff's motion for attorney representation is denied without prejudice. Plaintiff must seek pro bono (free of charge) legal assistance by writing attorneys, law firms, or organizations and describing his claims. If he renews his motion at a later date, he must identify the attorneys or organizations he contacted and summarize the responses he received. In the meantime, he should follow the guidance in this order and narrow his claims by providing basic factual allegations about a single subject area using the Court's fill-in-the-blank complaint form for *pro se* prisoners.

Date: February 12, 2020

John J. Tharp, Jr.
United States District Judge

4